QUIÑONES ET AL., PLAINTIFFS AND APPELLEES, *v.* OZORES ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action of Unlawful Detainer.

No. 2815.—Decided November 10, 1922.

JURISDICTION—VENUE—SUBMISSION.—In this case the plaintiffs brought the action in a court which had jurisdiction of the cause, but not territorial jurisdiction. The defendants entered appearance, but instead of moving for a change of venue, they merely demurred on the ground of lack of jurisdiction. *Held:* That by their acts the parties gave the court the jurisdiction that it lacked and, therefore, that the court took cognizance of the case lawfully.

The facts are stated in the opinion.
*Messrs. Texidor & De la Haba* for the appellants.
*Mr. Juan de Guzmán Benítez* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This action was not brought under the special Unlawful Detainer Act. The plaintiffs alleged that they had leased

to defendant Ozores a certain urban property belonging to them for a term of two years for the sum of $125 a month, payable monthly when due, the other defendant, Zalduondo, being surety for Ozores, and that the months of July, August and September of 1921 had passed without any payment of rent by the lessee or the surety notwithstanding the demands made upon them, for all of which they prayed the court for judgment against the defendants for the sum of $375, together with the rent that should become due until the plaintiffs were put in possession of their property, and for the eviction of defendant Ozores. The action was brought in October, 1921, in the Second District Court of San Juan.

Defendant Ozores having been summoned, he filed a demurrer on November 25, 1921, alleging that the court was without jurisdiction of his person because he resided in the city of San Juan. He also alleged that the case originated in San Juan and that according to Act No. 41 of 1921 the court having jurisdiction was the First District Court.

The demurrer was heard and overruled by the court on December 2, 1921, and the defendants were allowed ten days within which to answer the complaint. Ozores did not answer. His default was entered and on May 12, 1922, judgment was entered sustaining the complaint as to him. From that judgment defendant Zalduondo took the present appeal.

The only assignment is that the Second District Court of San Juan erred in taking jurisdiction of this action because according to Act No. 41 of 1921 the First District Court of San Juan had jurisdiction.

Construing Act No. 41 of 1921 in the case of *Toro et al.* v. *District Court of San Juan,* 30 P. R. R. 501, 509, the Supreme Court expressed itself as follows:

"The Act conferred upon each of the two courts created equal jurisdiction with the other district courts of the Island and thereafter prescribed that, subject to such jurisdiction, each court should

take cognizance of all civil and criminal matters originating in certain municipalities of the district. This being the case and the Legislature not having prescribed special rules for transferring cases, it is clear that the intention was that the general rules prescribed by law for the district courts throughout the Island should apply.''

This is not a real question of jurisdiction. The matter involved in the present ordinary action is common to all district courts. Notwithstanding the fact that the rented house is situated in San Juan and the contract was made in San Juan, for which reason the First District Court of San Juan had jurisdiction of the case, the parties could submit themselves to the second district court.

Did they do this? In our opinion the question must be answered in the affirmative. The plaintiff submitted by the mere act of bringing the action in that court. Subdivision 2 of section 77 of the Code of Civil Procedure. And the defendants also submitted, because after entering appearance, instead of moving for a change of venue, they merely filed a demurrer. Subdivision 3 of section 77, *supra*. It is well to say that defendant Zalduondo also appeared in the action and merely filed a demurrer similar to the one filed by the defendant Ozores.

Having reached the foregoing conclusion, it is unnecessary to consider and decide the other question raised by the appellee regarding the right of Zalduondo to appeal.

The judgment appealed from must be

*Affirmed.*

Justices Aldrey and Franco Soto concurred.

Mr. Justice Hutchison concurred in the judgment.

Mr. Justice Wolf took no part in the decision of this case.